IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                    )
                                          )
SHEEHAN PIPE LINE CONSTRUCTION  )          Case No. 16-10678
COMPANY,                                  )          (Chapter 11)
                                          )
        Debtor.                           )
                                          )

APPLICATION OF THE DEBTOR PURSUANT TO §§ 327(a) AND 328(a)
OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2014(a) FOR AUTHORITY TO EMPLOY WARLEY & COMPANY, LLC,
AS RESTRUCTURING SPECIALISTS FOR THE DEBTOR

Sheehan Pipe Line Construction Company ("Debtor"), the debtor-in-possession herein,

requests that the Court enter an order approving the retention of Warley & Company, LLC

("Warley") as a restructuring specialist and consultant to the Debtor pursuant to §§ 327(a) and

328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a). In support of

this request, Debtor advises the Court as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b).

Reference to the Court of this application is proper pursuant to 28 U.S.C. § 157(a). This is a core

proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A). In addition, venue is proper pursuant

to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this application

includes §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy

Procedure 2014(a).

**Background**

2.      The Debtor filed a voluntary petition for relief under Chapter 11 of the United

States Bankruptcy Code on April 15, 2016. Upon filing, the Debtor began operating as Debtor-

in-Possession with all rights, powers, and duties of a trustee in bankruptcy pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.      Debtor has been in business since 1903 and is a contractor that constructs pipelines in various states across the country.  The primary assets of the Debtor consists of equipment used to construct such pipelines.  Prior to bankruptcy, the Debtor employed field employees who were tasked with performing the tasks associated with pipeline construction. These employees were members of unions which supplied the work force.  The Debtor also employs personnel at its home office and at its shop in Lawrenceville, IL, and personnel on standby ready to perform if a job becomes available.  Debtor generally generates revenue based on ongoing projects.  Currently, Debtor has no ongoing projects.

4.      The Debtor's bankruptcy filing was precipitated by losses in prior years based upon certain unprofitable jobs, the general economic downturn, and delays in pipeline construction jobs due to regulatory approval delays.

**<u>Request for Relief</u>**

5.      Debtor seeks court approval pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) to employ Warley as its restructuring specialist and consultant in connection with restructuring the Debtor's business affairs. Pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a), Debtor requests that the Court approve the employment of Warley consistent with the terms set forth herein and in accordance with Warley's normal hourly rates and disbursement policies as Debtor's restructuring specialist and consultant to advise the Company on restructuring matters and market the assets of the Company that will be sold during this Chapter 11 case.

**Retention of Warley**

6.      Debtor has selected Warley as its restructuring specialist and consultant because of Warley's unique experience and knowledge and, in particular, recognized expertise in restructuring matters. Warley was founded in 2015 and works with other professionals providing a broad range of restructuring services to businesses across the country. In this case, Warley will, in addition to his services, utilize Mark A. Smith, CFA, to provide services to Debtor.  Warley's billing will include Paul Warley's and Mark Smith's time and both will present their time in a periodic billing to Debtor and in fee applications of Warley.  Debtor believes that Warley is both well qualified and uniquely able to represent the Debtor in its Chapter 11 case in an efficient and timely manner. Paul Warley and Warley have provided bankruptcy (restructuring) services for over 3 years.

7.      Warley will provide restructuring consulting and any associated services in this Chapter 11 case, all of whom are well qualified to provide such services to the Debtor.

**Scope of Services**

8.      The services of Warley under a general retainer and as set forth in this application and accompanying affidavit are appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor-in-possession. Subject to an order approving this application, Warley would be employed to provide all necessary or appropriate restructuring consulting and associated services to allow the Debtor to restructure its business and in marketing Debtor's assets for sale.

9.      It is necessary for Debtor to employ Warley under a general retainer to render the foregoing professional services. Warley is willing to be retained in this Chapter 11 case to render

the necessary professional services as restructuring specialist and consultant for Debtor if this application is approved by the Court.

## **Warley's Disinterestedness**

10.    To the best of the Debtor's knowledge, principals and associates of Warley do not have any connection with or any interest adverse to Debtor, its creditors, or any other party-in-interest, or their respective attorneys and accountants, except as may be set forth in the affidavit of Paul Warley, attached hereto as Exhibit "A."

11.    Based upon the affidavit, Debtor submits that Warley is a "disinterested person" as that terms is defined in § 101(14) of the Bankruptcy Code. The Debtor has been informed that Warley will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Warley will supplement its disclosure to the Court.

## **Professional Compensation**

12.    As set forth in the affidavit, Warley intends to apply to the Court as appropriate for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules of this Court for all services performed and expenses incurred after the commencement date of this Chapter 11 case.

13.    For services rendered by Warley in this case, Debtor, subject to the provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the local rules of this Court proposes to pay Warley its customary hourly rates for services rendered that are in effect from time-to-time, as set forth in the affidavit. Debtor respectfully submits that such rates are reasonable. In addition, subject to the provisions of the Bankruptcy Code, Federal Rules of

Bankruptcy Procedure, and the local rules of this Court the Debtor proposes to reimburse Warley according to its customary reimbursement policies. The terms of this agreement are ordinary in the industry and within market rates.

### Notice

14.     No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. The Debtor has served notice of this Motion on: (a) the U.S. Trustee for the Northern District of Oklahoma, (b) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims, and (c) counsel to Caterpillar Financial Services Corporation and (d) Zurich American Insurance Company. The Debtor submits that no other or further notice need be provided.

WHEREFORE, Debtor respectfully requests the entry of an order granting the relief requested herein and such other and further relief as the Court may deem just.

SHEEHAN PIPE LINE CONSTRUCTION
COMPANY

By: _Robert A Riess, Sr_

Name: Robert A. Riess
Title: President and CEO

*/s/ Chad J. Kutmas*
Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
Mary E. Kindelt, OBA No. 21728
MCDONALD, MCCANN, METCALF &
CARWILE, LLP
First Place Tower
15 E. Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 (Fax)

***PROPOSED ATTORNEYS FOR THE
DEBTOR AND DEBTOR-IN-
POSSESSION***

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE:                                                )
                                                           )
**SHEEHAN PIPE LINE CONSTRUCTION**  )          **Case No. 16-10678**
**COMPANY,**                                       )          **(Chapter 11)**
                                                           )
        **Debtor.**                                  )
                                                           )

**STATEMENT OF PAUL P. WARLEY
<u>PURSUANT TO BANKRUPTCY RULE 2014</u>**

Affidavit of Paul P. Warley:

        1.        I am the President of Warley & Company, LLC ("Warley"), and am authorized to

make this statement on Warley's behalf.

        2.        The debtor in the above case (the "Debtor") is filing an application to retain

Warley as its restructuring specialist and consultant pursuant to 11 U.S.C. §§ 327(a) and 328(a),

and this statement is submitted in conjunction with such application.

        3.        Warley has specific and recognized expertise in providing restructuring consulting

services and has represented a number of businesses in Tulsa and beyond. Warley conducted a

search of its client database for the names of the Debtor's creditors and parties-in-interest. A list

of creditors and parties-in-interest that, to the best knowledge of Warley, are or have been clients

of Warley is attached hereto as Exhibit 1. Should a conflict arise between Warley and any

creditor or party-in-interest in the Debtor's bankruptcy cases respecting Warley's representation

of the Debtor in this case, Warley will immediately notify the parties and the Court. Although

Warley has been diligent in reviewing its records, it is possible that there are other individuals or

entities that Warley has represented who also may have a connection to the case or the Debtor

whose names have not been provided to Warley. Warley will continue to investigate and monitor

its connections that may be discovered or that may arise and report to the Court as may be necessary if additional matters are discovered.

4.      No principal, associate, or employee of Warley holds or maintains any interest adverse to Debtor, the debtor-in possession, or its estate.

5.      The primary professionals of Warley representing the Debtor are expected to be myself, whose standard hourly rate is currently $400 and Mark Smith whose current hourly rate is $295.  Hourly rates of other principals and associates will not exceed my hourly rate.

6.      Warley will seek payment from the Debtor consistent with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

7.      Except to the extent disclosed above, Warley has no connection with the Debtor, creditors, and other parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee that would preclude Warley's eligibility to represent the Debtor as restructuring specialist and consultant in the above cases.

Dated: April 15 , 2016                          WARLEY & COMPANY, LLC


By: _____
        Paul P. Warley, President

## **EXHIBIT 1**

None