IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHEEHAN PIPE LINE CONSTRUCTION ) | Case No. 16-10678 |
| COMPANY, ) | (Chapter 11) |
| ) | |
|     Debtor. ) | |
| ) | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO
SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE
(I) PROHIBITING UTILITIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE; (II) DEEMING UTILITIES ADEQUATELY
ASSURED OF FUTURE PERFORMANCE; AND (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Sheehan Pipeline Construction Company ("Debtor"), the above-captioned debtor-in-possession, moves this Court for interim and final orders pursuant to sections 105(a) and 366 of the United States Bankruptcy Code (i) prohibiting utilities from altering, refusing, or discontinuing service; (ii) deeming utilities adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment.  In support of this Motion, the Debtor shows the Court as follows:

**Background**

1.   On April 15, 2016 (the "Commencement Date"), Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction and Venue**

2.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Sheehan Pipeline Construction Company Business**

3. Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 15, 2016. Upon filing, the Debtor began operating as debtor-in-possession with all rights, powers, and duties of a trustee in bankruptcy pursuant to 11 U.S.C. §§ 1107 and 1108.

4. Debtor has been in business since 1903 and is a contractor that constructs pipelines in various states across the country. The primary assets of the Debtor consist of equipment used to construct such pipelines.

5. The Debtor's bankruptcy filing was precipitated by the general economic downturn and specifically the downturn in the oil and gas industry.

**Relief Requested**

6. Section 366 of the Bankruptcy Code prevents utility companies from altering, refusing, or discontinuing services to a debtor during the first twenty days of a bankruptcy case. However, a utility company has the option of terminating its services pursuant to section 366(c)(2) of the Bankruptcy Code if, within thirty days of the commencement of a bankruptcy case, the debtor has not furnished adequate assurance of payment.

7. Pursuant to sections 105(a) and 366 of the Bankruptcy Code, the Debtor seeks entry of an interim order (the "Interim Order") (i) determining that the Utility Companies (as defined below) have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code pending the entry of a final order granting relief sought herein (the "Final Order"); (ii) approving Debtor's proposed offer of adequate assurance and procedures governing the Utilities Companies' requests for additional or different adequate assurance; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing services on account of prepetition amounts outstanding or on an account of any perceived

inadequacy of the Debtor's proposed adequate assurance pending entry of the Final Order; (iv) determining that the Debtor is not required to provide any additional adequate assurance beyond what is proposed by this Motion, pending entry of the Final Order; and (v) scheduling a final hearing (the "Final Hearing") on the Motion to consider the relief requested herein on a final basis.

## The Utility Companies

8. In connection with the operation of the business and management of properties, the Debtor obtains electricity, natural gas, water, telephone services, and/or other similar services (collectively, the "Utility Services") from a number of utility companies (collectively, the "Utility Companies").

9. Uninterrupted services are essential to the Debtor's ongoing operations and the success of the Debtor's chapter 11 case. Should any Utility Company refuse or discontinue service, even for a brief period, the Debtor's business operations could be severely disrupted, and such disruption would jeopardize the Debtor's reorganization efforts. It is essential that the Utility Services continue uninterrupted during the chapter 11 case.

## The Adequate Assurance

10. Pursuant to § 366(c)(2) of the Bankruptcy Code, a utility may alter, refuse, or discontinue a Chapter 11 debtor's utility service "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides that "assurance of payment" of post-petition charges may consist of: (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of

security that is mutually agreed on between the utility and the debtor or the trustee. *Id*. § 366(c)(1)(A).

11. The Debtor intends to pay timely all post-petition obligations owed to the Utility Companies and expects that available funds will be more than sufficient to pay all such obligations. To provide adequate assurance of payment to the Utility Companies, the Debtor proposes to provide within 21 days of the Commencement Date, a deposit in the amount of a sum equal to approximately one month of Utility Services, calculated as a historical average over the past 12 months, and reduced by an appropriate percentage reflecting the Debtor's reduced amount of operations (the "Adequate Assurance Deposit"), into an interest bearing account (the "Utility Deposit Account") for the benefit of any Utility Company, except to the extent a Utility Company agrees to a lesser amount, with such Utility Deposit Account to be held in escrow pending further order of the Court.

12. The Debtor submits that the adequate assurance provided, together with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies. If a Utility Company believes additional adequate assurance is required, they may request such assurance pursuant to the procedures set forth below.

13. In light of the severe consequences to the Debtor of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtor proposes that the Court approve and adopt the following procedures (the "Adequate Assurance Procedures"):

    a. Within three business days after entry of the Interim Order, the Debtor will mail a copy of the Interim Order to the Utility Companies.

b. If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve an objection to such proposed adequate assurance ("Adequate Assurance Objection") with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Oklahoma, and serve a copy of the same upon (i) the Debtor and (ii) Debtor's counsel at the following address: McDonald, McCann, Metcalf & Carwile, LLP, First Place Tower, 15 E. Fifth Street, Suite 1400, Tulsa, OK, 74103 (Attn: Gary M. McDonald) (collectively, the "Notice Parties") within forty-five (45) days from the entry of the Final Order.

c. Any Additional Assurance Request must (i) be made in writing; (ii) set forth the type of Utility Services and the location for which such services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company; (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) be actually received by the Notice Parties within 30 days after the entry of the Interim Order.

d. Upon request of the Debtor's timely receipt of an Additional Adequate Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 14 days from the receipt of such Additional Assurance Request or (ii) 45 days from the Commencement Date (collectively, the "Resolution Period") to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

e. The Debtor may, in its discretion, resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of the Court and may, in connection with any such agreement and in its discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court to the extent the Debtor believes such additional assurance is reasonable in the exercise of its business judgment.

f. If the Debtor determines that a timely received Additional Assurance Request is not reasonable and is unable to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor promptly will file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") pursuant to § 366(c)(3) of the Bankruptcy Code.

      g.    Pending resolution of any such Determination Motion, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of this filing of the Chapter 11 case, or any objections to the adequacy of the Proposed Adequate Assurance.

      h.    The Debtor may, in its discretion, resolve any Determination Motion by mutual agreement with the requesting Utility Company without further order of the Court and may, in connection with any such agreement and in its discretion, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court to the extent the Debtor believes such additional assurance is reasonable in the exercise of its business judgment.

      i.    Absent the timely filing of a Procedures Objection (as defined below), Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Additional Assurance Request.

14.    Accordingly, the Debtor respectfully requests that absent compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or require additional adequate assurance payment other than the Proposed Adequate Assurance, pending entry of the Final Order.

## Cause Exists to Authorize Debtor's Treatment of the Utility Companies Under Section 366

15.    The relief requested herein will ensure that the Debtor's remaining operations will not be disrupted. If a disruption occurs, the impact of the Debtor's remaining business operations and revenues would be extremely harmful. The relief requested provides the Utility Companies with a fair and orderly procedure for determining requests for additional or different adequate assurance. Without the Adequate Assurance Procedures, the Debtor could be forced to address numerous requests by Utility Companies in a disorganized manner at a critical period in

this Chapter 11 case and during the time when the Debtor's efforts could be more productively focused on the continuation of its operations for the benefit of all parties in interest.

### Objections to Adequate Assurance Procedures

16.     Historically, Chapter 11 debtors were able, under § 366 of the Bankruptcy Code, to put the onus on utility providers to argue that whatever form of adequate assurance proposed by the debtor was insufficient.  Pursuant to the BAPCPA, the amendments to § 366 of the Bankruptcy Code arguably shift the burden onto the debtor to provide adequate assurance that the utility providers find satisfactory and seek court review if a utility provider does not accept the proposed adequate assurance.  However, this interpretation, if taken to the extreme, could be crippling to a debtor.  For example, a Utility Company, on the 29th day following the Commencement Date, could announce that the proposed adequate assurance is not acceptable, demand an unreasonably large deposit alleging risk from the Debtor, and threaten to terminate Utility Service the next day unless the Debtor complied with the demand.  This would be an untenable result, leaving the Debtor with effectively no ability to seek review.  Consequently, the Debtor believes it is prudent to require Utility Companies to raise any objections to the Adequate Assurance Procedures so that such Procedure Objection may be heard by the Court prior to the running of the 30-day period following the Commencement Date.  Therefore, the Debtor proposes that any Utility Company who object to the Adequate Assurance Procedures described above must file a written objection (a "Procedures Objection") and serve such objection on the Notice Parties, so that it is actually received by the date that is earlier of (i) 15 days after the entry of the Interim Order; or (ii) 5 days before the Final Hearing.

17.     In order to resolve any Procedures Objection within 30 days following the Commencement Date, the Debtor requests that the Court schedule the Final Hearing on any

unresolved Procedures Objection approximately 25 after the Commencement Date, on or around Monday, May 9, 2016.

## Subsequent Modifications of the Utility Service List

18.     The Debtor has made extensive and good faith efforts to identify all Utility Companies. To the extent that the Debtor identifies additional Utility Companies, the Debtor will promptly serve copies of the Motion, the Interim Order, and the Final Order (when and if entered) on such newly identified Utility Companies.

19.     The Debtor further requests that the Court make the Interim Order and Final Order binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Service List, provided that any such newly identified Utility Company shall have until the later of (i) 14 days from the date of such service or (ii) 30 days from the date of the Interim Order to serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures. Any such request must actually be received by the Notice Parties. The Debtor shall have the periods specified in the proposed Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility Company without further order of the Court or to file a Determination Motion with the Court to determine the adequacy of assurance of payment with respect to such Utility Company in accordance with such Procedures.

## Conclusion

20.     Accordingly, the Debtor believes that the Proposed Adequate Assurance and the Adequate Assurance Procedures are reasonable and satisfy the requirements of section 366 of the Bankruptcy Code.

21.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a). The proposed procedures will ensure that the Debtor's Utility Services are continued without prejudicing the Utility Companies.

22. The relief requested herein will ensure that the Debtor's operations will not be disrupted by the termination of vital Utility Services or the requests by the Utility Companies of unnecessarily large deposits that could endanger the Debtor's liquidity. If a disruption occurs, the impact on the Debtor's business operations and revenues would be extremely harmful to the Debtor and all of its creditors. Debtor is dependent on the services provided by the Utility Companies. Without the requested relief, any interruption in services by the Utility Companies could bring the Debtor's business to a halt. At the same time, the relief requested provides the Utility Companies with a fair and orderly procedure for determining requests for additional or different adequate assurance.

## Waiver of Bankruptcy Rule 6004(h)

23. To implement the foregoing successfully, the Debtor seeks a waiver of the ten-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## The Relief Requested is Appropriate

24. Based on the foregoing, the Debtor submits that the relief requested is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects. A proposed order is attached hereto as Exhibit "A."

## Notice

25. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case. The Debtor has served notice of this Motion on (a) the U.S. Trustee for the Northern District of Oklahoma, (b) those creditors listed on the Debtor's Consolidated List of Creditors Holding 20 Largest Unsecured Claims, (c) counsel to Caterpillar Financial Services Corporation,

(d) counsel to Zurich American Insurance Company, and (e) the Utility Companies. The Debtor submits that no other or further notice need be provided.

WHEREFORE the Debtor respectfully requests entry of an order, substantially similar to the proposed form of order attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just.

Dated: April 19, 2016					Respectfully submitted,

							*/s/ Chad J. Kutmas*
							Gary M. McDonald, OBA No. 5960
							Chad J. Kutmas, OBA No. 19505
							Mary E. Kindelt, OBA No. 21728
							MCDONALD, MCCANN, METCALF &
							CARWILE, LLP
							First Place Tower
							15 E. Fifth Street, Suite 1400
							Tulsa, OK 74103
							(918) 430-3700
							(918) 430-3770 (Fax)

							*Proposed Attorneys for the Debtor and
							Debtor-in-Possession*

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHEEHAN PIPE LINE CONSTRUCTION ) | Case No.16-10678 |
| COMPANY, ) | (Chapter 11) |
| ) | |
|    Debtor. ) | |
| ) | |

**INTERIM ORDER PURSUANT TO §§ 105(a) AND 366 OF
THE BANKRUPTCY CODE (I) PROHIBITING UTILITIES
FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICE; (II) DEEMING UTILITIES ADEQUATELY ASSURED
OF FUTURE PERFORMANCE; AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT**

Upon the motion of Sheehan Pipe Line Construction Company ("Debtor"), as debtor and debtor-in-possession, for an Interim Order pursuant to §§ 105(b) and 366 of the Bankruptcy Code (i) prohibiting utilities from altering, refusing, or discontinuing service, (ii) deeming the Utility Companies adequately assured of future performance, and (iii) establishing procedures for determining adequate assurance of payment (the "Motion"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334(b); and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion having been provided; and it appearing that no other notice need be provided; and it appearing that granting the relief is in the best interests of the Debtor, its estate, and creditors; and after due deliberation, and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that until such time as the Final Order is entered by the Court, all Utility Companies provided for under the Motion, and which are not provided for by separate stipulation, are prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of any unpaid prepetition charges, or discriminating against the Debtor or requiring payment of a deposit or receipt or any other security for continued service as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices other than a deposit, in the amount of a sum equal to approximately one month of Utility Services, calculated as a historical average over the calendar year 2015, and reduced by 30% reflecting the Debtor's reduced amount of operations (the "Adequate Assurance Deposit"), for the benefit of any Utility Company which has not previously entered into a separate stipulation regarding the same; and it is further

ORDERED that the Adequate Assurance Deposit is to be deposited with the Utility Company within fifteen (15) days of the entry of this Interim Order, pending entry of the Final Order for the purpose of providing each Utility Company adequate assurance of payment of its post-petition utility services to the Debtor; and it is further

ORDERED that the Debtor shall serve a copy of this Interim Order via first-class mail, on each Utility Company provided for under the Motion; and it is further

ORDERED that the Debtor's service of this Interim Order upon a Utility Company shall not constitute an admission or concession that any such entity is a utility within the meaning of § 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto; and it is further

ORDERED that the following additional requirements and procedures (the "Adequate Assurance Procedures") with respect to the submission of an additional assurance request for any Utility Company not satisfied with the Adequate Assurance Deposit, are approved in all respects.  Absent compliance with the following Adequate Assurance Procedures, the Utility Companies are forbidden to alter, refuse, or discontinue service to the Debtor or discriminate against the Debtor on account of any prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order:

    a.    Within three business days after entry of the Interim Order, the Debtor will mail a copy of the Interim Order to the Utility Companies that have not previously entered into a stipulation resolving the issue of adequate assurance of payment.

    b.    If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of deposits, prepayments, or otherwise, it must serve an objection to such proposed adequate assurance ("Adequate Assurance Objection") with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Oklahoma, and serve a copy of the same upon (i) the Debtor and (ii) Debtor's counsel at the following address: McDonald, McCann, Metcalf & Carwile, LLP,  First Place Tower, 15 E. Fifth Street, Suite 1400, Tulsa, OK, 74103 (Attn: Gary M. McDonald) (collectively, the "Notice Parties") within forty-five (45) days from the entry of the Final Order.

    c.    Pending resolution of any such Adequate Assurance Objection, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of this Chapter 11 case, or any objections to the adequacy of the Proposed Adequate Assurance.

    d.    The Debtor may, in its discretion, resolve any Adequate Assurance Objection by mutual agreement with the requesting Utility Company without further order of the Court and may, in connection with any such agreement and in its discretion, provide a Utility Company with additional or less adequate assurance of

>> future payment, including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court to the extent the Debtor believes such action is reasonable and in the exercise of its business judgment.
>
> e. Absent the timely filing of an Adequate Assurance Objection the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company;

and it is further

ORDERED that any Utility Company that does not seek additional adequate assurance consistent with the procedures set forth above shall be deemed to have adequate assurance of payment that is satisfactory to it, within the meaning of § 366 of the Bankruptcy Code; and it is further

ORDERED that objections to the Motion and the relief afforded by this Interim Order shall be filed on or before _____; and it is further

ORDERED that if an objection or response is timely filed to the relief requested in the Motion and the relief afforded by this Interim Order, the Court will set the matter for final hearing by separate order and direct that separate notice of such final hearing be provided by the Debtor or such other party as the Court may designate; and it is further

ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order; and it is further

ORDERED that nothing in this Interim Order or the Motion shall be deemed to constitute the post-petition assumption or adoption of any agreement pursuant to § 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(b), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

Dated: April_____ , 2016.